USAA031826S99000476500199

STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
LOCATION: AUGUSTA
DOCKET NO.

JOSEPH DUPLESSIS,                      ]
                                       ]
Plaintiff,                             ]
                                       ]
                                       ]
v.                                     ]
                                       ]
USAA GENERAL INDEMNITY COMPANY         ]        **COMPLAINT**
                                       ]
Defendant 1                            ]
                                       ]
And                                    ]
                                       ]
USAA INSURANCE AGENCY, INC.,           ]
                                       ]
Defendant 2                            ]
                                       ]

## I.    PARTIES

1. Plaintiff, Joseph Duplessis, is an individual residing at 8 Keyes Landing Road, Winthrop, Kennebec County, Maine 04364.

2. Defendant 1, USAA General Indemnity Company, is a foreign corporation not authorized to do business in Maine, as being registered with the Maine Secretary of State but holding a license with the Maine Bureau of Insurance, with a principal business address at 9800 Fredericksburg Road, San Antonio, TX 78288.

3. Defendant 2, USAA Insurance Agency, Inc., is a foreign corporation authorized to do business in Maine, and holding a license with the Maine Bureau of Insurance, with a principal business address at 9800 Fredericksburg Road, San Antonio, TX 78288.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 14 M.R.S. § 801 et seq., as the events giving rise to this complaint occurred in Kennebec County, Maine, and the Defendants conduct business within the State of Maine.

5. Venue is proper in the Kennebec County Superior Court pursuant to 14 M.R.S. § 501, as the Plaintiff resides in Kennebec County and the property at issue is located therein.

## III. FACTUAL ALLEGATIONS

6. Plaintiff is the owner of real property located at 8 Keyes Landing Road, Winthrop, Kennebec County, Maine (the "Property").

7. At all relevant times, Plaintiff maintained a property insurance policy with Defendants, bearing policy number 024885175/93A (the "Policy").

8. On or about December 18, 2023, Plaintiff suffered damages to the Property, which were covered under the Policy.

9. Plaintiff timely submitted a claim to Defendants for the loss, assigned claim number 024885175-003.

10. Despite Plaintiff's compliance with all Policy requirements, Defendants failed to fully and properly investigate, adjust, and pay the claim, resulting in uncompensated losses to Plaintiff.

11. Defendants' conduct has caused Plaintiff to incur significant financial damages, including but not limited to the cost of repairs, loss of use, and other consequential damages.

## IV. CAUSES OF ACTION

### Count 1: Breach of Contract

12. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

13. The Policy constituted a valid and enforceable contract between Plaintiff and Defendants.

14. Plaintiff fulfilled all obligations under the Policy, including payment of premiums and timely notice of loss.

15. Defendants breached the Policy by failing to pay benefits owed to Plaintiff for covered losses at the Property.

16. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in an amount to be proven at trial.

WHEREFORE, The Plaintiff hereby seeks a judgment of breach of contract against the Defendants and an order of damages equal to the amount of losses that have not been covered by the Defendants, plus costs, interest, and reasonable attorney's fees.

## Count 2: Unfair Trade Practices

17. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18. Defendants owed Plaintiff a duty of good faith and fair dealing in handling the insurance claim.

19. Defendants acted in bad faith by failing to conduct a reasonable investigation, delaying payment, refusing to pay valid claims, and otherwise failing to act in accordance with industry standards and Maine law, specifically the Maine Unfair Trade Practices Act, Title 24-A, Ch. 23.

20. Defendants' unfair conduct was intentional, willful, and/or in reckless disregard of Plaintiff's rights.

21. As a result, Plaintiff has suffered additional damages, including emotional distress, aggravation, and attorney's fees.

WHEREFORE, The Plaintiff hereby seeks a judgment of unfair trade practices against the Defendants and an order of damages equal to the amount of losses that have not been covered by the Defendants, plus costs, interest, and reasonable attorney's fees.

## Count 3: Violation of Maine Insurance Code- Unfair Claims Practices

22. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

23. Defendants are subject to the provisions of the Maine Insurance Code, including but not limited to Title 24-A M.R.S. § 2436 and 24-A M.R.S. § 2164-D and related regulations.

24. Defendants violated the Maine Insurance Code by failing to acknowledge and act promptly upon communications, failing to affirm or deny coverage within a reasonable time, and failing to adopt and implement reasonable standards for the prompt investigation of claims.

25. Defendants' violations have directly and proximately caused Plaintiff to suffer damages, including statutory interest and attorney's fees.

WHEREFORE, The Plaintiff hereby seeks a judgment of unfair claims practices against the Defendants and an order of damages equal to the amount of losses that have not been covered by the Defendants, plus costs, interest, and reasonable attorney's fees.

## Count 4: Quantum Meruit

26. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27. Plaintiff rendered valuable services, conferred benefits, or expended significant sums in reliance on Defendants' promises and conduct relating to the insurance claim and property restoration.

28. Defendants accepted and retained the benefit of Plaintiff's expenditures and efforts in connection with the subject property and insurance claim.

29. Under principles of equity and justice, Plaintiff is entitled to recover the reasonable value of such benefits conferred upon Defendants.

30. As a result, Plaintiff has sustained damages in an amount to be determined at trial.

WHEREFORE, The Plaintiff hereby seeks a judgment of Quantum Meruit against the Defendants and an order of damages equal to the amount of losses that have not been covered by the Defendants, plus costs and interest.

## Count 5: Unjust Enrichment

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32. Defendants have received and retained a benefit at the expense of Plaintiff, including but not limited to receipt of premiums, retention of funds, and avoidance of payment obligations under the Policy.

33. It would be inequitable for Defendants to retain these benefits without providing just compensation to Plaintiff for losses arising out of the property insurance claim.

34. Plaintiff is entitled to restitution in an amount to be determined at trial.

WHEREFORE, The Plaintiff hereby seeks a judgment of Unjust Enrichment against the Defendants and an order of damages equal to the amount of losses that have not been covered by the Defendants, plus costs and interest.

## V. DAMAGES

As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial damages, including but not limited to:

- Unpaid insurance benefits for property damage
- Costs of repair and restoration
- Loss of use and enjoyment of the Property
- Emotional distress and aggravation
- Attorney's fees and litigation costs
- Statutory interest and penalties
- Any other damages to be proven at trial

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

1. Compensatory damages in an amount to be determined at trial;
2. Restitution and quantum meruit damages as allowed by law;
3. Consequential and special damages as allowed by law;
4. Statutory interest, attorney's fees, and costs;
5. Punitive damages for Defendants' bad faith conduct;
6. Such other and further relief as the Court deems just and proper.

Dated: December 17, 2025

Brian D. Condon, Jr.   Bar No. 8588
Law Office of Brian D. Condon, Jr.
PO Box 169
Winthrop, ME 04364
(207) 377-3005